```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

JEREMIAH KEYES AND RUBY KEYES                              PLAINTIFFS

VS.                           CIVIL ACTION NO. 3:12-cv-155(DCB)(RHW)

AMERICAN HONDA FINANCE
CORPORATION; R.R. MILLER
AUTO RECOVERY, LLC; AND ABC                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiffs Jeremiah Keyes and Ruby Keyes' motion to remand **(docket entry 8)**. Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

The Complaint in this action was originally filed in the Circuit Court of Smith County, Mississippi, and subsequently removed to this Court by defendants American Honda Finance Corporation ("AHFC") and R.R. Miller Auto Recovery, LLC ("Miller"). In their notice of removal, the defendants allege that the plaintiffs "have failed to plead the necessary factual allegations to establish liability against the Mississippi Defendant, Miller." Notice of Removal, ¶ 2. Miller and both plaintiffs are citizens of the State of Mississippi. AHFC is a California corporation with its principal place of business in California.

"When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction

based on diversity of citizenship, the defendant or defendants may remove the action to federal court." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)( citing 28 U.S.C. § 1441(a)). "To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir.2004).

"The doctrine of improper joinder rests on these statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been properly joined." Id. at 573. The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. (quoting Travis v. Irby, 326 F.3d 644, 646–47 (5th Cir. 2003)).

In this case, the second method applies because the defendants do not dispute Miller's Mississippi citizenship. See Travis, 326 F.3d at 647. "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood, 385 F.3d at

573. This test is to be employed "[a]fter all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002). The Fifth Circuit has rejected the contention that "any mere theoretical possibility of recovery ... suffices to preclude removal," instead requiring "arguably a reasonable basis for predicting that state law would allow recovery." Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n.4 (5th Cir. 2000). The defendants bear a heavy burden of proving improper joinder. Smallwood, 385 F.3d at 576.

Courts in this circuit resolve issues of alleged improper joinder in one of two ways. First, the court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573. Ordinarily, this analysis will be determinative. Id. However, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id. The Fifth Circuit has cautioned that:

> a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant .... Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an

3

analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

Id. at 573-74.

In this case, the plaintiffs' Complaint alleges, in part:

    5. That on or about 2007, the Plaintiff, Ruby Keyes, purchased a Honda Accord vehicle and financed said vehicle with Defendant, American Honda Finance Corporation, by signing an installment sales contract. That on or about December 26, 2011, the Defendants, R.R. Miller Auto Recovery LLC, and ABC, who were acting as agents, servants, and employees of the Defendant, American Honda Finance Corporation, and were acting within the scope of their employer's business at all times mentioned herein, repossessed the vehicle owned by the Plaintiff, Ruby Keyes, in Smith County, Mississippi. Plaintiff, Ruby Keyes, did not authorize said repossession but the agents, servants, and employees of the Defendant, American Honda Finance Corporation, proceeded with taking said vehicle. That said Defendants procured said vehicle without the Plaintiff's permission, or anyone else's, and without any legal authority of any kind whatever.

    6. That the Plaintiff, Ruby Keyes, was in arrears on payments on said vehicle but the Defendant, American Honda Finance Corporation, agreed to an extension of time to allow the Plaintiff, Ruby Keyes, to bring all payments current and this agreement was in full force and effect at the time of the illegal repossession. That notwithstanding this agreement between Plaintiff, Ruby Keyes, and Defendant, American Honda Finance Corporation, the Defendants proceeded with taking said vehicle.

    7. That the illegal repossession of the Plaintiff's vehicle by the Defendants resulted in much mental pain, anguish, worry, and anxiety to the Plaintiff. That the Plaintiff has been greatly embarrassed, degraded and humiliated by the illegal actions of the Defendant, and the Plaintiff is entitled to be compensated therefor.

    8. That the Plaintiff, Jeremiah Keyes, had groceries

and other certain personal property inside said vehicle. That the Plaintiff, Jeremiah Keyes, left the engine on said vehicle [sic] while he visited with his mother. That the Defendants procured said vehicle while Plaintiff, Jeremiah Keyes, visited with his mother notwithstanding the fact that the Plaintiff, Ruby Keyes, had an agreement with the Defendant, American Honda Finance Corporation, giving her an extension of time to bring her payments current. That the Defendants have failed and refused to return said personal property which was taken from Plaintiff's vehicle, notwithstanding the requests of the Plaintiff for them to do so.

9. That the actions of the Defendants toward the Plaintiffs were of such a wanton, illegal, willful, and malicious nature as to evidence a gross and complete disregard of the rights of the Plaintiffs to their property, and as a direct result of such actions, the Plaintiffs are entitled to recover punitive damages from the Defendant in addition to actual damages.

Complaint, ¶¶ 5-9.

The defendants allege that "Miller's joinder must be disregarded because it has no real connection to the controversy and should not be named as a Defendant." Notice of Removal, ¶ 9. First, they argue that "Plaintiffs claim that when Miller repossessed Plaintiffs' car, it did so while acting in the course and scope of its duties to a disclosed principal, AHFC. ... As such, Miller's liability is merely duplicative of AHFC's, and Mississippi law therefore precludes Miller's separate liability in tort." Notice of Removal, ¶ 10 (citing Complaint, ¶ 5).

The plaintiffs point out that "Under Mississippi law, an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment, and a tort claim can be maintained against that agent." Amended

5

Rebuttal, p. 3. The plaintiffs are correct. See Branson v. Nissan Motor Acceptance Corp., 963 F.Supp. 595, 598 (S.D. Miss. 1996)("Furthermore, the court agrees with plaintiff that regardless of whether Nissan will ultimately be vicariously liable for any negligence on American Lenders' part, plaintiff is entitled to seek recovery from both."). See also Hester v. Bandy, 627 So.2d 833, 835 (Miss. 1993); Ivy v. General Motors Acceptance Corp., 612 So.2d 1108, 1112 (Miss. 1992).

Second, the defendants argue that "Plaintiffs' Complaint nowhere alleges that Miller in any way breached the peace when Miller repossessed the Plaintiffs' vehicle on December 26, 2011. ... Absent such allegation, Plaintiffs' wrongful repossession claim against Miller is untenable under Mississippi law." Notice of Removal, ¶ 11.

Miss. Code Ann. § 75-9-609 provides that after default, a secured party may take possession of the collateral pursuant to judicial process, or without judicial process if it proceeds without breach of the peace. "[T]he task of deciding whether a breach of the peace has occurred is not a simple one." Branson, 963 F.Supp. at 598 (citing Ivy, 612 So.2d at 1112). However, even in the absence of a breach of the peace, a Mississippi court could possibly find that Miller's repossession and retention of the vehicle constituted the separate tort of conversion if Miller, acting on behalf of AHFC, did not initially have the legal

6

authority to repossess the vehicle.  See Sibley v. Regency Toyota, Inc., 1999 WL 33537203 (N.D. Miss. Dec. 10, 1999).  In addition, the plaintiffs' Complaint contains a claim against Miller for conversion of personal property left in the vehicle.  Complaint, ¶ 8.

This Court must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the plaintiffs.  In so doing, the Court finds that there is a reasonable basis for finding that the plaintiffs might be able to recover against Miller.  Therefore, Miller was not fraudulently joined and this action must be remanded to the Circuit Court of Smith County, Mississippi.  Accordingly,

IT IS HEREBY ORDERED that the plaintiffs Jeremiah Keyes and Ruby Keyes' motion to remand **(docket entry 8)** is GRANTED;

FURTHER ORDERED that the defendant American Honda Finance Corporation's motion **(docket entry 17)** to strike the plaintiffs' rebuttal memorandum is MOOT inasmuch as the plaintiffs voluntarily withdrew their initial Rebuttal and filed an Amended Rebuttal.

A separate Order of Remand remanding this case to the Circuit Court of Smith County, Mississippi, shall issue this day.

SO ORDERED, this the 27th day of June, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE